Margaret CAHILL, Petitioner-Appellant.

v.

William S. BROWN, Trustee-Appellee.

No. 271, Docket 25470.

United States Court of Appeals Second Circuit.

Argued April 22, 1959.

Decided May 11, 1959.

Albert F. Kimball, Port Washington, N. Y., Hyer & Kimball, Port Washington, N. Y. (Raymond T. Hyer, Port Washington, N. Y., on the brief; Hugh S. Wend, Brooklyn, N. Y., of counsel), for petitioner-appellant.

Henry W. Parker, Port Washington, N. Y., for trustee-appellee.

Before LUMBARD and MOORE, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

We affirm the order of the district court which reversed the order of the referee.

The central issue was whether $3,000 paid by check dated November 13, 1956 to the bankrupt, Charles W. Hyer, by his mother-in-law, Margaret Cahill, should be impressed with a trust and therefore should be returned to Mrs. Cahill by the trustee. Both before and after November 13, 1956 negotiations were under way with several insurance companies the purpose of which was to prevent bankruptcy, but these finally fell through. It was claimed by the appellant that the $3,000 was given in order to bring about an arrangement whereby the companies would consent to the continuance of the business, and the referee so held. But, as Judge Zavatt found, there is no evidence to support

the findings of the referee. The record shows only that Mrs. Cahill's daughter told her that her husband was in serious trouble and that she needed $3,000. Mrs. Cahill then went to her savings bank, procured a check for $3,000 to the order of the bankrupt, gave it to her daughter who then gave it to her husband, the bankrupt. This is all that Mrs. Cahill knew; nothing was said about any arrangements or what would be done with the money. Clearly the $3,000 check was an unconditional gift or loan, as Judge Zavatt concluded. There was no basis whatever for impressing a trust on the money.

Affirmed.